IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02452-RM-BNB

C.R. CUSTOM REPAIRS, L.L.P., a/k/a C.R. Custom repairs, L.L.C.,

Plaintiff,

v.

WESTERN HERITAGE INSURANCE COMPANY, an Arizona company,

Defendant.

---

**ORDER**

---

This matter arises on the **Plaintiff's Motion to Compel** [Doc. # 24, filed 4/30/2014] (the "Motion to Compel"). I heard argument on the Motion to Compel this morning and made rulings on the record, which are incorporated here. The Motion to Compel [Doc. # 24] is GRANTED IN PART and DENIED IN PART as specified.

The plaintiff served a Rule 30(b)(6) deposition notice on the defendant which required the to defendant designate a witness to testify about, among other things, (i) the application of the defendant's practices, procedures, and standards for adjusting claims "to this claim . . . including decisions made why and when as to the value of the subject claim"; (ii) "[t]he day to day handling of this claim"; and (iii) "[a]ny and all basis [sic] for the claims decisions made in this claim."[1] Despite the well-established principle that the "duty of good faith and fair dealing

---

[1] I find that the identity of the defendant's representative responsible for adjusting the claim, the defendant's post-suit decisions concerning adjusting the claim, and the defendant's post-suit bases for its decisions adjusting the claim are relevant to the claims and defenses at issue in this action or are reasonably calculated to lead to the discovery of admissible evidence, and are discoverable.

continues unabated during the life of an insurer-insured relationship, including through a lawsuit and arbitration," Rabin v. Fidelity Nat. Property and Casualty Ins. Co., 863 F. Supp 1107, 1112 (D. Colo. 2012), the defendant unreasonably interpreted the notice to call for information occurring before the instigation of suit.[2]  As a result, the defendant's Rule 30(b)(6) designee was not prepared to testify about the handling of the claim post-suit.  Deposition of Robert Mackenzie [Doc. # 24-4] (the "Mackenzie Depo.") at p. 57 line 13 through p. 58 line 8.  In addition, defense counsel repeatedly instructed Mr. Mackenzie not to answer the question, asked in varying forms, "who right now at Western Heritage is in charge of making a decision . . . on whether the claim is going to be paid?"  Id. at p. 57 line 13 through p. 58 line 8; p. 54 line 24 through p. 55 line15; p. 80 line 23 through p. 81 line 3.  The identity of defendant's representative in charge of adjusting the claim is neither privileged nor subject to the work-product immunity, and the instruction not to answer the question was unfounded.

The defendant argues that any harm from its refusal to identify the representative responsible for adjusting the claim has been cured by its Third Supplemental Rule 26(a)(1) and (e) Disclosure [Doc. # 30-1] which identifies Carrie Ulrich as the "Claims Supervisor assigned to Claim Number W077455-172, the first-party property damage claim that is the subject of this civil action."  The argument is wrong for several reasons.  First, the supplemental disclosure does not identify Ms. Ulrich as the adjuster now responsible for the subject claim, but only as the claims supervisor assigned to the claim at an unspecified time.  In addition, the disclosure does

---

[2]I recognize that "an insurer's derivative duty to negotiate, settle, or pay and insured's claim is suspended when . . . (1) an adversarial proceeding is filed, and (2) a genuine disagreement as to the amount of compensable damages exists."  Rabin, 863 F. Supp. 2d at 1113.  Suspension of the "derivative duty," however, does not relieve an insurer of its "overarching duty of good faith and fair dealing . . . through the course of litigation."  Id.

not carry the evidentiary significance of the testimony of a Rule 30(b)(6) designee.  Finally, the Third Supplemental Disclosure was made after the Motion to Compel was filed and, apparently, was prompted by the motion.

The Motion to Compel is granted to require the defendant to designate a witness to respond to the areas of inquiry specified in the Rule 30(b)(6) notice for all times that the claim has been pending, both before and after the filing of this action.  In particular, but not by way of limitation, the designee must be prepared to identify the defendant's representative responsible for adjusting the claim; the application of the defendant's practices, procedures, and standards for adjusting claims "to this claim . . . including decisions made why and when as to the value of the subject claim"; "[t]he day to day handling of this claim"; and "[a]ny and all [bases] for the claims decisions made in this claim."

Rule 37(a)(5), Fed. R. Civ. P., provides that if a motion to compel discovery is granted or granted in part--"or if the . . . requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to make good faith attempts to resolve the matter without court involvement, the conduct was substantially justified, or the award of expenses would be unjust.  I have granted the Motion to Compel, although I have not awarded all of the relief requested.  In addition, the defendant provided the name of the post-suit adjuster after the Motion to Compel was filed.  I find that the plaintiff attempted to resolve the matter without the necessity of court involvement; that the defendant's interpretation of the Rule 30(b)(6) deposition notice as limited to pre-suit

action was unreasonable and its assertion that the identity of the post-suit adjuster is privileged or otherwise immune from discovery was unfounded; and that it would not be unjust to award the costs associated with bringing the motion. Consistent with the mandate of Rule 37(a)(5), the plaintiff is awarded its reasonable expenses incurred in making the Motion to Compel, including attorney's fees, in an amount to be agreed to by the parties or determined by subsequent order. The award is made jointly and severally against the defendant and its counsel. In addition, because the defendant's conduct necessitates the reopening of the Rule 30(b)(6) deposition, the defendant must produce its Rule 30(b)(6) designee in metropolitan Denver at the defendant's expense or must pay the travel costs and a reasonable per diem for plaintiff's counsel to travel to and attend the reopened deposition in a location other than Denver.

IT IS ORDERED that the Motion to Compel [Doc. # 24] is GRANTED IN PART and DENIED IN PART as follows:

- GRANTED to reopen the Rule 30(b)(6) deposition of the defendant and to require the defendant to produce a Rule 30(b)(6) designee in metropolitan Denver at the defendant's expense or to pay the travel costs and a reasonable per diem for plaintiff's counsel to travel to and attend the reopened deposition in a location other than Denver. The defendant shall designate a witness to testify about the areas of inquiry specified in the Rule 30(b)(6) notice for all times that plaintiff's claim has been pending, both before and after the filing of this action. In particular, but not by way of limitation, the designee must be prepared to identify the defendant's representative responsible for adjusting the claim; the application of the defendant's practices, procedures, and standards for adjusting claims "to this claim . . . including decisions made why and when as to the value of the subject claim"; "[t]he day to day handling of this claim"; and

"[a]ny and all [bases] for the claims decisions made in this claim." The reopened Rule 30(b)(6) deposition shall be completed no later than July 21, 2014;

• GRANTED to overrule the defendant's objections to the plaintiff's questions as to the identity of the post-suit adjuster responsible for the plaintiff's claim;

• GRANTED to award the plaintiff its reasonable expenses incurred in making the Motion to Compel, including attorney's fees, in an amount to be agreed to by the parties or determined by subsequent order. The award is made jointly and severally against the defendant and its counsel. To facilitate this award, the parties shall confer. If they cannot agree to the amount of the reasonable expenses and attorney's fees incurred in making the Motion to Compel and if the award is not satisfied in full, on or before July 2, 2014, the plaintiff shall file a fee application that complies with the requirements of D.C.COLO.LCivR 54.3; and

•DENIED in all other respects.

Dated June 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5